IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **SHARON LUGGAGE, LTD.** | ) | 11-30074 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ENTRY OF ORDER AUTHORIZING
POST-PETITION FINANCING AND SECURED
ADMINISTRATIVE EXPENSE STATUS PURSUANT
TO 11 U.S.C. § 364 AND REQUESTING A HEARING
PURSUANT TO BANKRUPTCY RULE 4001**

Sharon Luggage, Ltd., the above-captioned debtor and debtor-in-possession (the "Debtor"), by this motion (the "Motion"), hereby moves this Court for entry of an order authorizing the Debtor to borrow $200,000 from Mr. Paul Steiger pursuant to section 364 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").  In support of this Motion, the Debtor respectfully represents and states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicate for the relief requested herein is section 364 of the Bankruptcy Code.

2.      No previous request for the relief requested herein has been made to this Court or to any other court.

**BACKGROUND**

3.         On January 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtor continues in possession of its properties and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or have been appointed in this chapter 11 case.

4.         The Debtor is a North Carolina Limited Corporation that is engaged in the business of merchandising luggage and travel related items.

**RELIEF REQUESTED**

5.         The Debtor is in immediate need of the amount of $200,000 which shall be used to pay professional fees, meet payroll expenses, and fund ordinary business activities of the Debtor.  The Debtor has not identified any sources of post-petition financing other than as set forth in this Motion.

6.         The Debtor's President, Paul Steiger, is the sole shareholder of Sharon Luggage, and is a personal guarantor on several debts owed by the Debtor.

7.         In order to assist the Debtor in meeting these expenses, Mr. Steiger has agreed, subject to the approval of this Court, to make a loan in the amount of $200,000.00 (the "Emergency Loan") to the Debtor on the following terms and conditions:

     a)   Mr. Steiger will be granted an administrative expense claim pursuant to 11 U.S.C. §§ 364(a) and 364 (c)(3) in an amount equal to the loan made to the Debtor, except that such administrative claim in favor of Mr. Steiger shall be subject to and subordinate to the allowed claims, as permitted by the Bankruptcy Court, of

professionals for services that have been or will be rendered on behalf of the Debtor or its Creditors' Committee post-petition.

b)  Mr. Steiger will be granted a continuing security interest in all post-petition assets of the Debtor (except for recoveries from avoidance actions enumerated in 11 U.S.C. § 550(a) which security interest shall be granted the highest priority level available.

c)  The Emergency Loan will be structured as a normal secured business loan and interest will accrue on the unpaid principal balance under this Note at the rate of the Federal Funds Rate as established by the Federal Reserve Bank of New York, plus one and one-quarter percent (1.25%).  Each Advance shall accrue interest from the date of the Advance until paid.

d)  Mr. Steiger will be entitled to recover his reasonable costs and fees associated with the making and collection of payment of the Emergency Loan without further Order of the Court, subject to the right of any party in interest to object to the amount of such cost or fees and to request a hearing thereon.

e)  The Emergency Loan shall be evidenced by a Promissory Note (the "Note"), a copy of which is attached hereto as Exhibit "A", and a Security Agreement, a copy of which is attached is attached hereto as Exhibit "B."

8.      The proceeds the Loan from Mr. Steiger will be used to pay a retainer for professional fees in the amount of $30,000 to Hamilton, Moon, Stephens, Steele & Martin, PLLC ("HMS"), payroll expenses in the approximate amount of $78,844.77, and funding for day-to-day operations in the approximate amount of $91,115.23.

9.      The Debtor is presently unable to obtain credit and financing other than that requested in this Motion from any other source.  The Debtor believes that the terms and conditions of the proposed loan are fair and reasonable and that Mr. Steiger should therefore be provided with the benefits of Section 364(e) of the Bankruptcy Code to the extent that any or all of the provisions of the Court's Order are modified, vacated, stayed or terminated by subsequent Order of the Court or any other Court.

10.     The Debtor requests a hearing on the motion earlier than 15 days from the date hereof because, as indicated above:

     a) The Debtor is in immediate need of funds to pay a required retainer to its legal counsel;

     b) The Debtor is in immediate need of funds to meet its payroll on Friday, January 14, 2011;

     c) Due to the lack of post-petition financing, the approval of the loan on shortened notice is necessary to avoid immediate and irreparable harm to the estate pending a final hearing to ensure that it will have counsel to move this case forward, and to ensure the stability of the Debtor's operations and prevent employee attrition.

11.     The Debtor requests that the Court conduct a hearing on this Motion on January 14, 2011, at 10:30 a.m. or as soon thereafter as the matter can be heard in the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina.

## NOTICE

12.      Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the Court grant relief as follows:

1.  Conduct a final hearing on January 14, 2011 at 10:30 am. in the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina.

2.  Approve and authorize the Debtor to borrow $200,000.00 from the Mr. Steiger on the terms set forth in the Motion, and authorize the Debtor to execute the Note and Security Agreement in favor of Mr. Steiger in the amount of the loan.

3.  Grant Mr. Steiger an administrative expense claim status pursuant to 11 U.S.C. § 364(a) requested herein for amounts loaned to the Debtor pursuant to this Motion.

4.  Allow such and further relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
         January 13, 2011

                                                HAMILTON MOON STEPHENS STEELE
                                                & MARTIN, PLLC

                                                _____/s/ T. Jonathan Adams_____
                                                T. Jonathan Adams (Bar No. 21890)
                                                Richard S. Wright (Bar No. 24622)
                                                201 South College Street
                                                Charlotte Plaza, Suite 2020
                                                Charlotte, North Carolina 28244-2020
                                                Telephone:  (704) 344-1117
                                                Facsimile:  (704) 344-1483
                                                *Counsel for the Debtor*