# **<u>EXHIBIT A</u>**

{00236129.DOC V. S051.016931;}

## **PROMISSORY NOTE**

$200,000                                                                          January _____, 2011

FOR VALUE RECEIVED, SHARON LUGGAGE, LTD., a North Carolina corporation ("Borrower"), having an address of 8000 Arrowridge Blvd., Charlotte, NC 28273, hereby promises to pay to the order of HOWARD PAUL STEIGER, JR., a resident of Mecklenburg County, North Carolina ("Lender"), the principal sum of up to TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) in lawful money of the United States of America at the office of Lender located at 1927 Sharon Lane, Charlotte, NC 28211, or at such other place as the Lender may designate in writing.

1. <u>Advances</u>. Lender, in its sole discretion, may make advances (each an "Advance") to Borrower under this Promissory Note (the "Note") up to the maximum principal amount of $200,000.

2. <u>Interest</u>. Interest shall accrue on the unpaid principal balance under this Note at the rate of six percent (6%) per annum. Each Advance shall accrue interest from the date of the Advance until paid.

3. <u>Payment</u>. If not sooner paid, the entire principal balance, accrued interest, and other amounts due under this Note shall be due and payable on January 14, 2016 (the "Maturity Date"). This Note may be prepaid in full or in part at any time without penalty or premium.

4. <u>Default</u>. The (a) failure of Borrower to pay all principal, interest, and other amounts due under this Note on or before the Maturity Date or (b) occurrence of a default under any of the agreements or instruments securing this Note shall constitute an event of default hereunder ("Event of Default").

5. <u>Remedies</u>. If an Event of Default exists, Lender may exercise any right, power or remedy permitted by law or equity including, without limitation, the right to declare the entire unpaid principal amount hereof and all interest accrued hereon, to be, and such principal, interest and other sums shall thereupon become, immediately due and payable.

6. <u>Default Rate</u>. From and after the Maturity Date or from and after the occurrence of an Event of Default hereunder, irrespective of any declaration of maturity, all amounts remaining unpaid or thereafter accruing hereunder, shall, at Lender's option, bear interest at a default rate of fifteen percent (15%) per annum (the "Default Rate"), or the highest permissible rate under applicable usury law, whichever is less. Such Default Rate of interest shall be payable upon demand and shall also be charged on the amounts owed by Borrower to Lender pursuant to any judgments entered in favor of Lender with respect to this Note.

7. <u>Waiver</u>. Borrower waives demand, notice, presentment, protest, demand for payment, notice of dishonor, notice of protest and diligence of collection of this Note,

except as specifically set forth in this Note.  Borrower consents to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to the payment or other provisions of this Note, and to the release of any collateral, with or without substitution.  Borrower agrees that makers, endorsers, guarantors and sureties may be added or released without notice and without affecting Borrower's liability hereunder.  The liability of Borrower shall not be affected by the failure of Lender to perfect or otherwise obtain or maintain the priority or validity of any security interest in any collateral.  The liability of Borrower shall be absolute and unconditional and without regard to the liability of any other party hereto.

8.     Integration.  This Note constitutes the sole agreement of the parties with respect to the transaction contemplated hereby and supersedes all oral negotiations and prior writings with respect thereto.

9.     Attorneys Fees and Expenses.  If Lender retains the services of counsel by reason of an Event of Default hereunder, all costs of suit and all reasonable attorneys fees and such other reasonable expenses so incurred by Lender shall be paid by Borrower, on demand, and shall be deemed part of the obligations evidenced hereby.

10.    No Implied Waiver.  Lender shall not be deemed to have modified or waived any of their rights or remedies hereunder unless such modification or waiver is in writing and signed by Lender, and then only to the extent specifically set forth therein.  A waiver in one event shall not be construed as continuing or as a waiver of or bar to such right or remedy in a subsequent event.  After any acceleration of, or the entry of any judgment on, this Note, the acceptance by Lender of any payments by or on behalf of Borrower on account of the indebtedness evidenced by this Note shall not cure or be deemed to cure any Event of Default or reinstate or be deemed to reinstate the terms of this Note absent an express written agreement duly executed by Lender and Borrower.

11.    Partial Invalidity.  The invalidity or unenforceability of any one or more provisions of this Note shall not render any other provision invalid or unenforceable.  In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

12.    Binding Effect.  The conditions, waivers, releases and agreements contained in this Note shall bind Borrower and the benefits thereof shall inure to Lender, and their respective heirs, executors, administrators, successors and assigns; provided, however, that this Note cannot be assigned by Borrower without the prior written consent of Lender, and any such assignment or attempted assignment by Borrower shall be void and of no effect with respect to Lender.

13.    Modifications.  This Note may not be supplemented, extended, modified or terminated except by an agreement in writing signed by the party against whom enforcement of any such waiver, change, modification or discharge is sought.

14. <u>Notices</u>.  All notices and communications under this Note shall be in writing and shall be given by either (a) hand-delivery, (b) first class mail (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid), to the addresses listed in the first paragraph of this Note.  Notice shall be deemed to have been given and received: (i) if by hand delivery, upon delivery; (ii) if by mail, three (3) calendar days after the date first deposited in the United States mail; and (iii) if by overnight courier, the day after the date first deposited with the overnight courier.  A party may change its address by giving written notice to the other party as specified herein.

15. <u>Governing Law</u>.  This Note shall be governed by and construed in accordance with the substantive laws of the State of North Carolina without reference to conflict of laws principles.

16. <u>Continuing Enforcement</u>.  If, after receipt of any payment of all or any part of this Note, Lender is compelled or agrees, for settlement purposes, to surrender such payment to any person or entity for any reason (including, without limitation, a determination that such payment is void or voidable as a preference or fraudulent conveyance, an impermissible setoff, or a diversion of trust funds), then this Note and the Deed of Trust shall continue in full force and effect or be reinstated, as the case may be, and Borrower shall be liable for, and shall indemnify, defend and hold harmless Lender with respect to, the full amount so surrendered.  The provisions of this Section shall survive the cancellation or termination of this Note and shall remain effective notwithstanding the payment of the obligations evidenced hereby, the release of any security interest, lien or encumbrance securing this Note or any other action which Lender may have taken in reliance upon its receipt of such payment.  Any cancellation, release or other such action shall be deemed to have been conditioned upon any payment of the obligations evidenced hereby having become final and irrevocable.

17. <u>Security</u>.  This Note is secured by the Security Agreement between Borrower and Lender of even date herewith and the collateral described therein.

18. <u>Miscellaneous</u>.  If any provision(s) of this Note or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Note and/or the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.  The section and paragraph headings contained in this Note are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Note.  When used herein, the singular shall include the plural, and vice versa, and the use of the masculine, feminine or neuter gender shall include all other genders, unless the context requires otherwise.

**[Signature on next page]**

IN WITNESS WHEREOF, Borrower has duly executed and delivered this Note under seal as of the day and year first written above.

                                    SHARON LUGGAGE, LTD. (SEAL)

                                    By: _____
                                    Name: Howard Paul Steiger, Jr.
                                    Title: Principal