



_____
J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **SHARON LUGGAGE, LTD.** | ) 11-30074 |
| | ) |
| Debtor. | ) |

### ORDER AUTHORIZING POST-PETITION FINANCING AND SECURED ADMINISTRATIVE EXPENSE STATUS

This cause came before the Court on January 14, 2011 upon the motion of the above-captioned Debtor (the "Motion") for entry of an order authorizing the Debtor to post-petition financing and secured administrative expense status pursuant to 11 U.S.C. § 364 [Doc. 4]. T. Jonathan Adams and Richard S. Wright appeared for the Debtor; and Linda W. Simpson appeared as the Bankruptcy Administrator. Based upon a review of the record, the contents of the Motion, and the statements of counsel, the Court finds and concludes that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; proper and adequate notice has been given to all interested parties and no further notice is necessary; and good cause exists to grant the Motion.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Motion is granted.

{00236296.DOC V. S051.010914;}

2. The Debtor is authorized to enter into an agreement with H. Paul Steiger ("Mr. Steiger"), Debtor's President and sole shareholder, to borrow from Mr. Steiger up to $200,000 (the "Loan Amount") upon the following terms and conditions:

a) Mr. Steiger will be granted an administrative expense claim pursuant to 11 U.S.C. §§ 364(a) and 364(c)(3) in an amount equal to the Loan Amount, except that such administrative claim in favor of Mr. Steiger shall not prime any existing secured loan of non-insiders, and shall also be subject to and subordinate to allowed claims, as permitted by the Bankruptcy Court, of professionals for services rendered on behalf of the Debtor;

b) Subject to the paragraph above, Mr. Steiger shall be granted a continuing security interest in all post-petition assets of the Debtors (except for recoveries from avoidance actions enumerated in 11 U.S.C. § 550(a)) which security interest shall be granted the highest priority level available;

c) The Emergency Loan will be structured as a normal secured business loan and interest will accrue on the unpaid principal balance under this Note at the rate of the Federal Funds Rate as established by the Federal Reserve Bank of New York, plus one and one-quarter percent (1.25%). Each Advance shall accrue interest from the date of the Advance until paid.

d) Mr. Steiger will be entitled to recover his reasonable costs and fees associated with the making and collection of payment of the Emergency Loan without further Order of the Court, subject to the right of any party in interest to object to the amount of such cost or fees and to request a hearing thereon.

3. The proceeds from the Loan will be used for the purposes stated in the Motion.

4. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |

{00236296.DOC V. S051.010914;}     3